UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH TOLLIVER and
JASMINE TOLLIVER,

    Plaintiffs,

v.                                          Case No: 8:16-cv-331-T-27MAP

PNC BANK, N.A.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Unopposed Motion for Approval of Confidentiality Agreement (Dkt. 90). Upon consideration, the Motion (Dkt. 90) is DENIED without prejudice.

Defendant seeks entry of a protective order agreed to by the parties. Defendant has failed to establish good cause for issuing a protective order. A district court may find good cause and issue a protective order in complex litigation and when the parties consent. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). Defendant has not shown that this case is complex.[1] Moreover, Defendant has not demonstrated how other standard procedures, such as redaction, would not accommodate the privacy concerns. (*See* Dkt. 90-1 ¶ 2).

Additionally, a protective order should be drafted with precision. *Alexander Grant*, 820 F.2d at 356. With respect to the procedures proposed for challenging confidentiality designations, (Dkt. 90-1 ¶ 12), the parties are cautioned that judicial review of challenged designations should be limited

---

[1] Indeed, this case stems from four alleged unauthorized electronic fund transfers and the subsequent alleged unlawful debt collection. (Dkt. 38 ¶¶ 37-40, 47-48, 78-94).

1

to "those matters relevant to the legal issues raised." *Alexander Grant*, 820 F.2d at 356.[2] A more narrowly tailored protective order can achieve the desired protection without unnecessarily involving the Court in disagreements about confidentiality designations.[3] (Dkt. 90-1 ¶ 12). Nor should the order purport to impose requirements on nonparties over whom the Court has no jurisdiction (*id.* at p. 1, ¶¶ 6, 15), make the Court or its staff the subject of the proposed order (*id.* ¶ 6(g)), establish requirements inconsistent with the Local Rules (*id.* ¶¶ 10, 16), or permit the parties to modify the order without applying to the Court (*id.* ¶ 13). Accordingly, the Motion is **DENIED without prejudice**.

**DONE AND ORDERED** this 5th day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] As explained in *Alexander Grant*:

> The order issued in this case, as in others, is designed to encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure. After this sifting, material can be "filed" for whatever purpose consistent with the issues being litigated whether by pretrial hearing or an actual trial. Judicial review will then be limited to those materials relevant to the legal issues raised.

*Id.* at 356.

[3] And, a party's confidential designation has little to do with whether a document can be filed under seal and/or remain sealed beyond the time set forth in the Local Rules. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (parties' agreement to keep documents confidential or seal materials is "immaterial" to a court's decision regarding the public's right of access).